## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **PAUL RAYMOND GUTIERREZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-449-KC** |
| | § | |
| | § | |
| **CHARISMA EDGE, *Warden*, FCI La Tuna,** | § | |
| **Respondent.** | § | |

### MEMORANDUM OPINION AND ORDER

*Pro Se* Petitioner Paul Raymond Gutierrez, Federal Prisoner Number 10765-509, challenges the calculation of his sentence through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1.[1] His opposed petition is dismissed because he failed to exhaust his administrative remedies.

### BACKGROUND

Gutierrez is a 35-year-old prisoner confined at the Federal Correctional Institution in Yazoo City, Mississippi. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 10765-509, last visited Apr. 27, 2026). His current projected release date is August 25, 2028. *Id*.

Gutierrez filed his § 2241 petition while he was a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. 28 U.S.C. § 2241(a); 28 U.S.C. § 124(d)(3). "Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014)

Gutierrez conspired with others to distribute methamphetamine in Bernalillo County,

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

New Mexico. *United States v. Gutierrez*, 1:20-cr-01901-MV (D. N.M.), Plea Agreement, ECF No. 145 at 6. He also possessed a loaded 9mm Taurus, Model PT111, pistol manufactured in Brazil knowing that he had previous convictions for two felonies: conspiracy to commit burglary and receiving or transferring a stolen motor vehicle. *Id*. at 7. He knew at the time that he was not legally permitted to possess either firearms or ammunition. *Id.* He pleaded guilty to conspiracy, distribution of more than 50 grams of methamphetamine, and felon in possession of a firearm and ammunition. *Id.* at 1. He was sentenced to 120 months' imprisonment. Gov't's Resp., Attach. 1 (J. Crim. Case), ECF No. 8-3.

Gutierrez now claims that he accrued a substantial amount of uncredited First Step Act earned time credits ("FTCs") through his participation in evidence-based recidivism reduction programs between his arrest on September 29, 2020, and his submission of his original unsigned petition on August 18, 2025. Pet'r's Pet., ECF No. 1 at 1. He maintains that if the FTCs had been properly awarded and applied, he would have been eligible for placement in a community-based residential reentry center on or about April 1, 2026. *Id*. at 3. He adds that he has also not received any Second Chance Act "credits." *Id.* at 2. He argues that the felon in possession of a weapon charge was improper because the pistol belonged to a co-defendant. *Id*. He asks the Court to intervene and order Respondent Warden Charisma Edge to properly provide all Good Time, First Step Act, and Second Chance Act credits to which he is entitled. *Id.* at 5.

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*,

218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

### A. Exhaustion

The Fifth Circuit has long held that the Bureau of Prisons (BOP) should be permitted to administratively rectify an error if it fails to properly calculate a sentence. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). "In the event that a prisoner feels he has been improperly refused credit for time he has served in … custody, the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only then pursue judicial review of these computations.'" *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)); *see also Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of jurisdiction was appropriate because [the petitioner] failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition.").

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted). And a petitioner bears the burden of demonstrating such circumstances.

Gutierrez does not claim that he exhausted his BOP administrative remedies or that any

exception to the exhaustion requirement applies. *See* Pet'r's Pet., ECF No. 1. His prison records show that he "submitted one administrative remedy request while in BOP custody, but it was not related to his time credits." Gov't's Resp., Ex. 1 (Decl. of Bertha Tovar), ECF No. 8-2 at ¶ 26; *id*., Attach. 5 (Administrative Remedy Generalized), ECF No. 8-7. He argues that he need not exhaust because habeas corpus under § 2241 is a constitutional right and an exhaustion requirement would abrogate his constitutional right. Pet'r's Pet., ECF No. 1 at 5. He is wrong. *Setser*, 607 F.3d at 133.

Gutierrez "must first pursue all available administrative remedies" before seeking relief under § 2241. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). And his exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the BOP. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

The Court finds that Gutierrez has failed to exhaust his administrative remedies or carry his burden of proving the futility of an administrative review. *Fuller*, 11 F.3d at 62 (explaining federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241."). It notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies). But even if Gutierrez had properly exhausted his claims, the Court would not grant him the § 2241 relief he seeks.

**B. Alternatively, Gutierrez's Petition Lacks Merit**

Gutierrez alleges that Warden Edge has not properly calculated his Good Time Credits ("GTCs"), First Step Act Earned Time Credits ("FTCs"), and Second Chance Act "credits." Pet'r's Pet., ECF No. 1. He argues that he should have earned FTCs between September 29, 2020, and August 18, 2025, or between April 15, 2020, and July 14, 2025. *Id.* at 1, 3.

**(1) Jail Credits**

After a district court sentences a federal offender, the BOP has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). The BOP must credit a federal prisoner for the days spent in pretrial custody prior to the imposition of a sentence if that time is not credited against another sentence. 18 U.S.C. § 3585(b); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) ("The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences.").

In this case, the BOP gave Gutierrez 1,232 days of jail credit for the time he spent in detention between his arrest on September 29, 2020, and the entry of the judgment in his case on March 7, 2024. Gov't's Resp., Ex. 2 (Decl. of Bertha Tovar), ECF No. 8-2 at ¶¶ 10, 16; 18 U.S.C. § 3585(b)(1). The BOP also determined that Gutierrez's full-term expiration date on his 120-month sentence was September 29, 2030—or 120 months after he was incarcerated upon his arrest— without the application of any GCTs or FTCs.

**(2) Good Time Credits (GTCs)**

A prisoner serving a term of imprisonment of more than one year may receive 54 days of GTCs for each year of imprisonment once he is sentenced. 18 U.S.C. § 3624(b)(1).

Based on his 120-month sentence, Gutierrez is projected to receive 540 days of GTCs if he maintains a clean disciplinary record. Gov't's Resp., Ex. 1 (Decl. of Bertha Tovar), ECF No. 8-2 at ¶ 16. Applying these GCTs to his full-term expiration date results in a conditional release date via GCTs of April 7, 2029. *Id.*

**(3) First Step Act Earned Time Credits (FTCs)**

The First Step Act allows an eligible prisoner to earn FTCs toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). But it requires a prisoner to first undergo "a risk and needs assessment" to establish whether he has a "minimum, low, medium, or high risk for recidivism." *Id*. § 3632(a)(1). It gives qualifying prisoners the opportunity to earn ten days of FTCs for every 30 days of successful participation in Evidence Based Recidivism Reduction ("EBRR") programs and Productive Activities ("PAs"). *Id.* § 3632(d)(4)(A)(i). It allows qualifying offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of FTCs if they do not increase their risk levels over two consecutive assessments. *Id*. § 3632(d)(4)(A)(ii). It permits qualifying inmates to apply FTCs toward pre-release community-based placement in a residential reentry center or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c). And, at the discretion of the Director, it permits qualifying prisoners to apply FTCs toward their early release to supervision. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

Gutierrez was ineligible to earn FTCs while in official detention between his arrest and his sentencing. 18 U.S.C. § 3632(d)(4)(B) (explaining an inmate may not earn FTCs "during official detention prior to the date that the prisoner's sentence commences under section 3585(a)."). "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." *Id.* § 3585(a). In other words, Gutierrez was not eligible to earn FTCs until he was (1) sentenced, and (2) in custody awaiting transportation to his BOP designated facility.

Gutierrez arrived at his BOP designated facility on September 16, 2024. Gov't's Resp., Ex. 1 (Decl. of Bertha Tovar), ECF No. 8-2 at ¶ 11. He underwent a risk and needs assessment and began accruing FTCs immediately upon his arrival. He did not accumulate FTCs between

May 12, 2025, and June 25, 2025, because he declined to participate in EBRR programs or PAs. *Id*. at ¶ 13. As of December 17, 2025, Gutierrez had earned 165 FTCs. *Id.* at ¶ 14. With application of 165 days of FTCs, his projected release date was adjusted from April 7, 2029, via GTCs, to October 24, 2028, via FTCs.

In accordance with BOP policy, Gutierrez may apply up to 365 FTCs toward his early transfer to supervised release. Gutierrez is projected to accrue 365 FSA time credits before he completes his sentence if his status remains the same. Consequently, his conditional release date via FTCs is April 7, 2028. *Id.* at ¶ 18.

**(4) Second Chance Act**

The Second Chance Act authorizes the BOP to *consider*, to the extent practicable, placing inmates nearing the end of their sentences in pre-release community confinement. 18 U.S.C. § 3624(c). Importantly, the statute only requires the BOP to *consider* placing an inmate in pre-release custody for up to twelve months or in home confinement for up to six months. It does not *require* the BOP to make such a placement. The Second Chance Act does not create any additional "credits."

Moreover, the BOP is responsible for designating "the place of the prisoner's imprisonment." *Id.* § 3621(b). Consequently, the BOP—not a court—is the proper place to direct a request for placement in a residential reentry center or in home detention. *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c) (providing that the BOP has the authority to "place a prisoner in home confinement")). Additionally, release from institutional custody to a residential reentry center or home detention "is a change in conditions of confinement and not cognizable under § 2241." *Maldonado v. Rule*, No. 4:24-cv-0971-P, 2025 WL 476256, at *2 (N.D. Tex. Feb. 11, 2025) (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th

7

Cir. 2020) (explaining a challenge to exclusion from program allowing home confinement is more properly brough as a *Bivens* action)).

The BOP is considering Gutierrez for up to 365 days in pre-release custody pursuant to the Second Chance Act. Gov't's Resp., Ex. 1 (Decl. of Bertha Tovar), ECF No. 8-2 at ¶ 18; *id*. at Attach. 4 (FSA Time Credit Assessment), ECF No. 8-6. This would result in a recommended placement in a community-based residential facility as early as April 8, 2027—or 365 days before Gutierrez's conditional release date via FTCs. In other words, if he receives all 365 days of time in pre-release custody under the Second Chance Act, which is not guaranteed, and if his First Step Act status remains the same throughout the remainder of his sentence, he will be eligible to transfer to pre-release placement on April 8, 2027.

**(5) Summary**

In summary, Gutierrez does not explain how the BOP erred in calculating his projected release date—and the Court, after reviewing the record, sees no errors. The Court further observes that Gutierrez has not provided evidence that he participated in and successfully completed any EBRR programs or PAs before his receipt in BOP custody. His conclusory allegations that Warden Edge miscalculated his GTCs, ETCs, and improperly denied him early placement under the Second Chance Act in a community-based residential facility are "insufficient for federal habeas relief [because he] has not met Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a petitioner to plead facts in support of his claims." *Murphy v. Dretke*, 416 F.3d 427, 436–37 (5th Cir. 2005); *see also Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("conclusory allegations do not raise a constitutional issue in a habeas proceeding"). His argument that he is entitled to Second Chance Act "credits" is based on the erroneous premise that such credits exist.

## CONCLUSIONS AND ORDERS

The Court concludes that Gutierrez has failed to exhaust his administrative remedies. It further concludes that his claims lack merit as he has failed to explain how the BOP erred in calculating his projected release date. The Court accordingly enters the following orders:

**IT IS ORDERED** that Petitioner Paul Raymond Gutierrez's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**IT IS SO ORDERED**.

**SIGNED this 29th day of April, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE